# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Frederick P. Fish
1855-1930

Telephone
858-678-5070

W.K. Richardson
1859-1951

***VIA DHL OVERNIGHT***

Facsimile
858-678-5099

December 13, 2004

Web Site
www.fr.com

John F. Sweeney, Esq.
Morgan & Finnegan
345 Park Avenue
New York, NY 10154-0053

Re: Fred B. DuFresne v. Microsoft Corporation *et al.*
     D. Mass. Civil Action No. 02-11778 RCL



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Mr. Sweeney:

I write to request your assistance in obtaining responses to Defendants' Requests for Admission that comply with the requirements of Rule 36 of the Federal Rules of Civil Procedure. I believe the issue presented is straightforward and should be able to be resolved without the time and expense required for a formal hearing.

In an effort to narrow the issues for trial to those which are genuinely in dispute, Defendants timely served Mr. DuFresne with Requests for Admission ("RFA"). Mr. DuFresne's responses, however, do not comply with the clear requirements of Rule 36 of the Federal Rules of Civil Procedure, and Mr. DuFresne has refused to amend his responses. Defendants therefore request that you find Mr. DuFresne's responses insufficient and order him to amend his responses so as to comply with Rule 36.

Background

On January 28, 2004, Defendants served 143 RFAs[1] including requests to admit the authenticity of documents. Other requests were directed to, for instance, the public availability, and contents of, the prior art references underlying Defendants' invalidity case. These requests were served with the expectation that the issues for trial would be narrowed by Mr. DuFresne's responses.

On March 26, 2004, Mr. DuFresne responded by objecting to the RFAs, and then denying all but one on the basis of the objections. During an April 7, 2004 meet and confer conference, Defendants requested that Mr. DuFresne amend his responses to comply with Rule 36. Mr. DuFresne's counsel indicated that a response on this issue and others would be forthcoming, but when no reply was received, Defendants followed up with at least four letters over the course of approximately three months.

---

[1] Microsoft Corporation's Second Set of Requests for Admission (Nos. 10-90); Adobe Systems Inc.'s First Set of Requests for Admission (Nos. 1-13); Macromedia Inc.'s First Set of Requests for Admission (Nos. 1-49).

John F. Sweeney, Esq.
December 13, 2004
Page 2

*See, e.g.,* Ex. A.  Mr. DuFresne's eventual response was that he "stands by his answers and objections," that they would not be supplemented, and that "if Defendants remained unsatisfied, they may move to compel."  *See* Ex. B.

<u>Defendants Are Entitled to Substantive Responses to Their RFAs</u>

Rule 36 of the Federal Rules provides that a party may serve a written request for the admission of "the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact *or of the application of law to fact*...."  Fed. R. Civ. P. 36(a)(emphasis added).  The purpose of RFAs is to "expedit[e] the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed." *Duncan v. Santaniello,* 1996 U.S. Dist. LEXIS 3860 (D. Mass. 1996) (citation omitted); *see also T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (requests for admission serve to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact").  RFAs are intended to save litigants time and money which would otherwise have to be spent unnecessarily to prove certain facts at trial.  *See Kershner v. Beloit Corp.,* 106 F.R.D. 498, 499 (D. Me. 1985).

A party responding to an RFA may admit the RFA, object to, or deny the RFA.  *See* Fed. R. Civ. P. 36(a).  If the party objects but the objection is not justified, the Court "shall order that an answer be served."  *Id.*  If the party denies the RFA, it must comply with the requirements of Rule 36(a), which are very precise:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Given its purpose of increasing efficiency, "Rule 36 is to be liberally construed in its application." *Kershner,* 106 F.R.D. at 499.  An obligation to answer should be construed broadly.  *See Photon, Inc. v. Harris Intertype,* 28 F.R.D. 327, 328 (D. Mass. 1961).  The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Fed. R. Civ. P. 36(a).  "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."  *Id.*

John F. Sweeney, Esq.
December 13, 2004
Page 3

Here, because of the peculiar way Mr. DuFresne's responses are worded, it is unclear whether he has declined to respond based on his objections, or whether he has provided substantive responses. The responses to the vast majority of the RFAs follow precisely the same formula: 1) incorporate each and every one of 20 general objections; 2) object to the use of terms Mr. DuFresne allegedly does not understand; and 3) deny the request "based on the foregoing objections."[2] To give just one example, Microsoft's RFA No. 24 requests that Mr. DuFresne admit that "Varela, Carlos, et al., 'Providing Data on the Web: From Examples to Programs,' produced at AD-MM-MSFT 3500-3517, was publicly available prior to May 3, 1995." Mr. DuFresne responded as follows:

> Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. **Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.**

*See* Ex. C at No. 24 (emphasis added). This does not tell Defendants whether Mr. DuFresne is actually denying that the article was publicly available prior to May 3, 1995, or whether he is declining to provide a substantive response based on his objections.

Defendants are entitled to responses that fairly meet the substance of the requested admission. Fed. R. Civ. P. 36. However, by both objecting to and denying the requests, Mr. DuFresne's responses inappropriately avoid meeting the substance of the requested admissions and create confusion. *See Russo v. Baxter Health Care Corp.*, 51 F. Supp. 2d 70, 79 n.3 (D.R.I. 1999) (noting that responses that both objected to and denied RFAs constituted "poor drafting," and that "to both object to and deny the entire question could create confusion"). As such, they fall far short of the requirements of Rule 36. Mr. DuFresne should therefore be required to amend his responses to state clearly whether he admits or denies each request.

DuFresne's Objections to the RFAs Do Not Relieve Him From His Obligation to Provide Substantive Responses.

To the extent Mr. DuFresne intended to object rather than respond to the RFAs, none of Mr. DuFresne's objections relieve him of his obligation to provide substantive

---

[2] It appears as though the same boilerplate paragraph was copied and pasted 103 times, varying only with respect to the identification of the terms Mr. DuFresne allegedly does not understand.

John F. Sweeney, Esq.
December 13, 2004
Page 4

responses.  As an initial matter, it is unclear which objections Mr. DuFresne is
actually asserting for each RFA since each of 20 general objections are incorporated
in blanket fashion into the individual responses to each and every RFA.  *See* Ex. C.[3]
Several of the general objections do not even appear to be applicable to any of the
RFAs.  For example, general objection number two objects to the extent that RFAs
seek privileged information.  *See id.*  However, none of the RFAs call for any
privileged information, and Mr. DuFresne does not specifically object to any RFA on
this ground.  General objection number four objects to RFAs that seek confidential
information.  *See id.*  Not only are no RFAs specifically objected to as requesting
confidential information, but also, a protective order has been in place in this matter
since January 16, 2004, rendering this objection superfluous.

Nor do any of Mr. DuFresne's specific objections provide a legitimate basis for Mr.
DuFresne to decline to answer any of the RFAs.  In fact, Mr. DuFresne's specific
objections are almost entirely based on his alleged inability to understand words that
are either commonly used by speakers of the English language, or that appear in Mr.
DuFresne's own patent.  Examples of words that Mr. DuFresne claimed he did not
understand include the terms "available,"[4] "aware,"[5] "corroborate,"[6] and "create."[7]
When asked to make admissions concerning whether the documents or witnesses had
been located that support certain allegations, Mr. DuFresne objected that definitions
were required for the terms "located" and "support."[8]  Regarding RFAs related to
licensing of the patent-in-suit, Mr. DuFresne claimed not to know what the term
"license" means.  Mr. DuFresne objected to many RFAs based on his alleged inability
to understand the meaning of the terms "client"[9] and "discloses."[10]  Additionally, Mr.
DuFresne objected that he did not understand numerous terms used in the
specification of his own patent, such as  "client-server applications," "control loops,"
"database," "executable tag," "executed," "external," "feature," "functionality,"
"hypertext," "instructions," "processed," and "script," even though Mr. DuFresne, the
sole inventor named in his patent, swore to the Patent Office that he had reviewed and
understood the contents of the specification.

---

[3] In the interests of brevity, Defendants attach the response to Microsoft's RFAs, which is
representative of Mr. DuFresne's responses to the other sets of RFAs.

[4] Objected to in Responses to Microsoft's RFA numbers 10, 11, 17, 24, 31, 37, 44, 51, 53, 55;
Macromedia RFA numbers 11, 13, 15, 25, 36.

[5] Objected to in Responses to Microsoft's RFA numbers 13, 14, 71-76; Macromedia RFA numbers 47-
49.

[6] Objected to in Responses to Microsoft's RFA numbers 87, 88.

[7] Objected to in Response to Microsoft's RFA number 64.

[8] Objected to in Responses to Microsoft's RFA numbers 85-88.

[9] Objected to in Response to Macromedia's RFA number 7; Adobe's RFA numbers 3, 5.

[10] Objected to in Responses to Microsoft's RFA numbers 18-23, 25-30 ,32-36, 38-43, 45-50, 52, 54,
56-61; Macromedia's RFA numbers 12, 14, 16-21, 26-29, 31, 37-42.

John F. Sweeney, Esq.
December 13, 2004
Page 5

These objections do not excuse Mr. DuFresne from answering the RFAs. Rule 36(a)
specifically states:

> An answering party may not give lack of information or knowledge as
> a reason for failure to admit or deny unless the party states that the
> party has made reasonable inquiry and that the information known or
> readily obtainable by the party is insufficient to enable the party to
> admit or deny.

Perhaps unsurprisingly, Mr. DuFresne's responses ignore the requirement of stating
that he has made reasonable inquiry and that the information known or readily
obtainable by him is insufficient to allow him to admit or deny the requests. Indeed,
Mr. DuFresne's claims that he does not understand words used in vernacular English
or in his own patent strain credulity. *See Domestic Sales Corp. v. Intertherm, Inc.*
1998 WL 492342 (N.D. Ind. 1988) (Plaintiff "must know [the] meaning" of a phrase
that "might appear to present an ambiguity" but had been originally used in the
patent-in-suit). Nevertheless, if Mr. DuFresne genuinely does not know what these
words mean, a reasonable inquiry – such as, for instance, consulting a dictionary –
would undoubtedly have provided DuFresne with enough information to understand
the RFAs. Moreover, to the extent Mr. DuFresne is unclear as to what the terms used
in his patent mean in the context of an RFA, he is certainly free to qualify an
admission or denial as being based on his own understanding of the terms. *See, e.g.,*
*Flanders v. Claydon*, 115 F.R.D. 70, 72 (D. Mass. 1987) (holding that qualified
responses are permitted if the statement, though containing some truth, also contains
"unwarranted" or "unfair" inferences).

Mr. DuFresne also specifically objected to RFAs regarding the authenticity of
documents[11] on the grounds that he did not create the documents in question.[12] But
there is no requirement that Mr. DuFresne be the author in order to admit the
authenticity of, for example, a license for the patent-in-suit,[13] or a service agreement
between a company he founded[14] and one of its customers.[15] Regardless of whether
Mr. DuFresne authored the documents, Defendants are entitled to know whether he
disputes their authenticity so they will know whether they need to call trial witnesses
to prove up their authenticity.

In short, DuFresne's objections do not provide a basis for failing to respond to any of
the RFAs.

---

[11] Objected to in Responses to RFA numbers 79 and 81-84.
[12] Mr. DuFresne's counsel produced the documents in question.
[13] Objected to in Response to RFA number 79.
[14] According to his deposition answer, Fred B. DuFresne founded Knowledge-Based Technologies.
DuFresne Depo. Tr. 18:12.
[15] Objected to in Response to RFA numbers 81 and 82.

John F. Sweeney, Esq.
December 13, 2004
Page 6

Conclusion

The requirements of Rule 36 are unambiguous, and Mr. DuFresne's responses fail to comply with those requirements.  They should therefore be found insufficient, and Mr. DuFresne should be ordered to amend his responses to Defendants' RFAs to comply with Rule 36.

Please let me know if you need further information, or would prefer formal briefing on any or all of these issues.

Respectfully submitted,

Jennifer K. Bush

Jennifer K. Bush

Encl.

cc:     Paul J. Cronin, Esq.
        Anthony V. Pezzano, Esq.

**EXHIBIT A**

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Facsimile
858 678-5099

Web Site
www.fr.com

**VIA FACSIMILE**

August 20, 2004

Joseph P. Messina, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111

Re:   DuFresne v. Microsoft Corporation, et al.
       USDC-D. Mass. (Boston) - Civil Action No. 02-11778 RCL



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Joe:

I write to follow up on your letter dated August 19, 2004, as well as my follow up call yesterday and my two calls today.

As a general matter, we need to make a global schedule and commit to a date to close discovery in this case.  The long delays in your responses, the failure to substantively engage us in the issues we raise by letter and phone, and your revolving staffing is dragging this process out far longer than is needed.  I wrote you nearly two weeks ago to try to setup such a discussion so that we might close discovery by the end of September and you are only now beginning to engage us.  Requesting to take a couple depositions of one defendant some two weeks out is not going to bring closure any time soon.  We need you to commit to a date to close discovery so that we can submit that commitment to the Court as a hard cutoff.  We request a meet and confer on this topic on Tuesday August 24, 2004 at 1:00 PM EST.  If that time will not work, please propose another time convenient for you.

Depositions:

You asked that we arrange for Microsoft's 30(b)(6) depositions on topics 1, 2 and 3 be offered up.  You have already taken the Microsoft 30(b)(6) witnesses (Messrs. Carmichael and Guthrie) on topics 1 and 3.  See letter to Mr. Cronin from Ms. Bush dated December 19, 2003 and letter to Mr. Cronin from Mr. Centurelli dated January 7, 2004.  We will try to arrange a witness on topic 2 on the dates you requested.  I will try to propose two other depositions in Seattle or Silicon Valley the same week.  We assume you are making a firm commitment of your availability on the weeks of August 30th and September 6th, please tell us if that was not your intention.

Microsoft's Interrogatory Answers:

You complain about Microsoft's answers to interrogatory nos. 9 and 11, which obviously overlap.  I will look into this and get back to you by August 27, 2004.

FISH & RICHARDSON P.C.

Joseph P. Messina, Esq.
August 20, 2004
Page 2

Plaintiff's Responses to Defendants' Requests for Admissions:

We disagree with your characterization of Defendants' (not just Microsoft's) requests
for admissions.  We note that Mr. DuFresne did not object to a single specific request
for admission on this new ground you raise in your letter.  Instead, Mr. DuFresne's
responses almost without exception follow the formula:

> Mr. DuFresne restates and incorporates herein each of the twenty (20) General
> Objections set forth herein above. Mr. DuFresne also objects to this request to
> admit on the basis that [*insert defendant*] has not defined the terms [*insert
> terms from particular request*] and also on the basis that Mr. DuFresne does
> not know what [*insert defendant*]'s use of the terms [*insert terms from
> particular request*] means in the context of this request to admit. Based on the
> foregoing General Objections, Mr. DuFresne denies this request to admit.

Defendants seek admissions on facts, the application of law to fact, and the
genuineness of documents, which are designed to save the litigants and the Court time
and money.  See, Fed.R.Civ.P. 36(a) and *Duncan v. Santaniello*, 1996 U.S. Dist.
LEXIS 3860 (D. Mass. 1996).  While Mr. DuFresne should simply admit or deny all
of the requests for admissions, we believe that supplemental responses are required
on: Microsoft requests for admissions nos. 10-76, 78-86, and 89; Adobe nos. 1-6, 9-
13; and Macromedia nos. 1-49.

Again, I refer you to my letter dated April 27, 2004 (copy attached), to which you
have never substantively responded.  Please tell us by August 23, 2004 whether Mr.
DuFresne will supplement his responses.

Plaintiff's Privilege Log:

Your letter says that you located a "small number of additional documents, which will
be produced promptly."  When is "promptly"?  What will you be producing?  Does
this small number of additional documents include: (1) the documents subpoenaed
from and produced by Fish & Richardson; (2) a complete copy of all of Mr.
DuFresne's foreign prosecution documents; (3) the Priceline and Trellix licenses and
negotiations (and any other potential licensees); and (4) the letter sought from Mr.
Comcowich?  Please tell us by close of business August 22, 2004.

Marovac Reference:

Your letter suggests that you cannot locate the Marovac reference because of my
description.  Please see my letter to Mr. Crosby dated July 7, 2004 (copy attached).
We also refer you to page 7 of Mr. DuFresne's Memorandum in Support of Plaintiff's
Motion for Reconsideration, In Part, of the Discovery Master's Ruling on

FISH & RICHARDSON P.C.

Joseph P. Messina, Esq.
August 20, 2004
Page 3


Defendants' Motion to Compel (copy attached).  Mr. DuFresne had no problem
identifying what the Marovac reference was in his papers to the Court.  We suggest
you speak to Mr. Crosby on this subject.  Please let me know by August 23, 2004 if
you are still not clear what the Marovac reference is.

Other issues:

Will Mr. Comcowich be producing the letter(s) he referenced in his deposition and
that was the subject of our recent motion to compel?  Please see my letter dated
August 6, 2004 on this subject, to which we have received no reply.  We request a
reply by August 22, 2004.

Very truly yours,

Jason W. Wolff

Enclosures

Attachment re: Mr. DuFresne's Responses to Defendants' RFAs

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE**

April 27, 2004

Joseph P. Messina, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

Re:   DuFresne v. Microsoft Corporation, et al.
      USDC-D. Mass. (Boston) - Civil Action No. 02-11778 RCL

Dear Joe:

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

I write to follow up on Mr. DuFresne's answers to Defendants' Requests for
Admission, which were served March 26, 2004, and our April 7th meet and confer on
this subject. Although I understood from our meet and confer that I would be hearing
back from you shortly on the issues I raised, to date I have not received a response.

On a global level, we cannot tell which, if any, of Mr. DuFresne's denials are based
on his objections, particularly given the general and formulaic nature of his
objections. Please identify all RFAs as to which the objections were the sole basis of
the denial.

Mr. DuFresne also objects to over 60 terms in Defendants' RFAs as undefined. For
convenience I have compiled these terms into the attached chart, cross-referenced to
the individual RFAs. Please confirm that Plaintiff does not know the meanings of
these terms, and please also identify all RFAs as to which Plaintiff's alleged inability
to understand the terms was either a sole or a partial basis of the denial of the RFA,
and, if so, whether it was sole or partial.

Very truly yours,

Jason W. Wolff

Enclosure

## Terms That Plaintiff Fred DuFresne
## Claims Not To Understand

| | Term | Microsoft | Macromedia | Adobe |
|---|---|---|---|---|
| 1. | accused versions of the JSP software | | | 2 |
| 2. | accused versions of the PHP software | | | 1 |
| 3. | ASP file | 63, 64, 65[1] | | |
| 4. | ASP technology | 67, 68, 69, 70[2] | | |
| 5. | associated | | | 13[3] |
| 6. | available | 10, 11, 17, 24, 31, 37, 44, 51, 53, 55 | 11, 13, 15, 25, 36 | |
| 7. | aware | 13, 14, 71, 72, 73, 74, 75, 76 | 47, 48, 49 | |
| 8. | client | | 7 | 3, 5 |
| 9. | client-server applications | 18, 25, 32, 33, 34, 38, 45, 52, 54, 56 | 12, 14, 16, 26, 37 | |
| 10. | content | | 7 | 3, 5 |
| 11. | control loops | 22, 29, 36, 42, 49, 60 | 20, 41 | |
| 12. | corroborate | 87, 88 | | |
| 13. | create | 64 | | |
| 14. | database | 23, 30, 43, 50,61 | 21, 31, 42 | |
| 15. | deploying | 18, 45 | | |
| 16. | describes | | 22, 23, 24, 32, 33, 34, 35, 43, 44, 45, 46 | |

---

[1] Mr. DuFresne did not object to the term "PHP file" (Adobe RFAs 3 and 4) or "JSP file" (Adobe RFAs 5 and 6).
[2] Mr. DuFresne did not object to the term "AutoWeb technology" in Microsoft RFAs 83 and 84.
[3] Mr. DuFresne did not object to this term in Adobe RFAs 3-6 and 12.

### Terms That Plaintiff Fred DuFresne
### Claims Not To Understand

| | Term | Microsoft | Macromedia | Adobe |
|---|---|---|---|---|
| 17. | discloses | 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 52, 54, 56, 57, 58, 59, 60, 61 | 12, 14, 16, 17, 18, 19, 20, 21, 26, 27, 28, 29, 31, 37, 38, 39, 40, 41, 42 | |
| 18. | embodiment | 80 | | |
| 19. | executable tags | 19, 26, 33, 39, 46, 57 | 17, 27, 38, 42 | |
| 20. | executed | 65 | 9 | 4, 6 |
| 21. | external | 62 | 6 | 1, 2 |
| 22. | feature | 12 | | |
| 23. | FrontPage product | 73 | | |
| 24. | functionality | 14, 15, 16 | | |
| 25. | hypertext | | 7 | 3, 5 |
| 26. | instructions | 20, 27, 34, 40, 47, 58 | 18, 28, 39 | |
| 27. | JSP | | | 2, 5, 6, 7, 9, 10, 13 |
| 28. | license | 79 | | |
| 29. | licensed | 77, 78 | | |
| 30. | located | 85, 86, 87, 88 | | |
| 31. | Microsoft ASP technology | 66 | | |
| 32. | Microsoft Corporation FrontPage | 75 | | |

**Terms That Plaintiff Fred DuFresne**
**Claims Not To Understand**

| | Term | Microsoft | Macromedia | Adobe |
|---|---|---|---|---|
| 33. | Microsoft Corporation IIS | 74 | | |
| 34. | Microsoft Corporation Visual Basic | 76 | | |
| 35. | Microsoft FrontPage technology | 68 | | |
| 36. | Microsoft IIS technology | 67 | | |
| 37. | Microsoft Visual Studio technology | 69 | | |
| 38. | Microsoft Windows operating system technology | 70 | | |
| 39. | NCSA httpd | 10, 11, 12, 13, 71 | | |
| 40. | network | 18, 25, 32, 33, 34, 38, 45, 52, 54, 56 | 12, 14, 16, 26, 37 | |
| 41. | parsed | 64 | 8 | 12, 13 |
| 42. | PHP | | | 1, 3, 4, 8, 9, 10, 12 |
| 43. | PPIs | 35, 36 | | |
| 44. | pre-processing instructions | 34 | | |
| 45. | processed | 63 | | |
| 46. | processes | | 1, 2, 3, 4, 5 | |
| 47. | programs | 62 | 6 | 1, 2 |
| 48. | Rasmus Lerdorff's Personal Home Page | 72 | | |

**Terms That Plaintiff Fred DuFresne**
**Claims Not To Understand**

|  | Term | Microsoft | Macromedia | Adobe |
|---|---|---|---|---|
| 49. | result formatting functions | | 24 | |
| 50. | scripts | 21, 28, 35, 41, 48, 59 | 19, 29, 40 | |
| 51. | server-side include | 12, 14, 15, 16 | | |
| 52. | support | 85, 86 | | |
| 53. | syntax | | 1, 2, 3, 4, 5, 22, 23, 32, 33, 34, 35, 43, 44, 45, 46 | |
| 54. | tags | 40, 41, 42, 43, 47, 48, 49, 50, 61 | 18, 19, 20, 21, 28, 29, 30, 31, 39, 40, 41 | |
| 55. | technology | | 10 | 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 |
| 56. | Tomcat | | | 11 |
| 57. | transformed | 63 | | |
| 58. | user manual | | 11, 13 | |
| 59. | variables | | 24 | |
| 60. | Web server | 14, 62[4] | 6 | |
| 61. | WebDB | | 11 | |
| 62. | ZTAGs | 20, 21, 22, 23, 27, 28, 29, 30 | | |

---

[4] Mr. DuFresne's response to Microsoft RFA 14 is that "Web servers" is not defined, but his response to Microsoft RFA 62 is that it is defined, but not defined "properly."

**EXHIBIT B**

MINTZ LEVIN
COHN FERRIS
GLOVSKY AND
POPEO PC

| Boston
| Washington
| Reston
| New York
| New Haven
| Los Angeles
| London

One Financial Center
Boston, Massachusetts 02111
617 542 6000
617 542 2241 fax
www.mintz.com

Joseph P. Messina

Direct dial 617 348 1631
jmessina@mintz.com

August 24, 2004

**BY FAX**

Jason W. Wolff, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

Re:     Fred B. Dufresne v. Microsoft, et al.
        Civil Action No.    02-11778-RCL

Dear Jason:

First, given that Defendants have provided only <u>one</u> deposition date for any of its
witnesses since May 2004, your claim for an urgent need to close discovery is not well founded.
I have already stated this position in my previous correspondence. We have an existing
Scheduling Order under which all parties should be able to promptly conclude the necessary
remaining discovery. There is no need to hold a meet and confer on this issue as you request.
You have received timely responses to all of the issues you have raised. Sometimes <u>over</u> <u>and</u>
<u>over</u> again. You have no basis for your complaining about "delays" and "revolving staffing."
Your condescension is not productive and will not move this case along any faster. I will now
address each of your issues below:

1.      **FISH & RICHARDSON DOCUMENTS**

It is of course obvious that Fish & Richardson already has the documents you are
requesting, because Fish & Richardson produced these documents relating to your firm's prior
representation of the Plaintiff. Fish & Richardson has apparently erected some kind of ethical
wall precluding the attorneys' team for Microsoft, Adobe and Macromedia from receiving these
Fish & Richardson documents. Thus, this is a problem of Defendants' own making. The same
attorneys who conceived this ethical wall are apparently satisfied that it is ethically appropriate
for the Defendants' lawyers to review these documents by obtaining these documents back from
the Plaintiff, rather than receiving them in contravention of the established ethical wall. Plaintiff,
will, therefore, produce these documents. In doing so, however, Plaintiff does not waive <u>any</u>

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Jason W. Wolff, Esq.
August 24, 2004
Page 2

rights he may have with regard to, or arising out of, Fish & Richardson's prior representation of the Plaintiff.

### 2.    OTHER LICENSES

As Paul Cronin has already explained, we have sought and are attempting to obtain the permission of the other parties to disclose the license agreements you seek. We do not, however, necessarily believe they are relevant or discoverable in this matter. As Paul Cronin requested some time ago, please provide us the legal authority for your position that these agreements are relevant and discoverable and we will consider producing them.

### 3.    "MAROVEC" DOCUMENT

Based on our review, we have no other "Marovec" document responsive to your request.

### 4.    PRIVILEGE LOG

We will further supplement Plaintiff's privilege log to encompass any additional pre-suit communications between Mintz Levin and Plaintiff if Defendants also agree to supplement their privilege logs to encompass any pre-suit communications between or among Fish & Richardson, Microsoft, Adobe and/or Macromedia relating in any way to Plaintiff or the '712 patent.

### 5.    REQUEST FOR ADMISSIONS

We have stated our position regarding Plaintiff's response to Defendants' Request for Admissions on multiple occasions over many months. If Defendants remain unsatisfied, you may move to compel.

### 6.    DEPOSITIONS

While I do not necessarily agree that Microsoft's depositions on topics 1 and 3 are complete, I would appreciate receiving available dates during the week of August 30th and September 6, 2004 for a witness on topic 2. As I have stated, we seek only witnesses on topics 1, 2 and 3 during this period. Please do not hesitate to designate other witnesses or other issues during this time period. This type of gamesmanship will be brought immediately to the Discovery Master.

Sincerely,

Joseph P. Messina

LIT 1475330v1

MINTZ LEVIN
COHN FERRIS
GLOVSKY AND
POPEO PC

Boston
Washington
Reston
New York
New Haven
Los Angeles
London

One Financial Center
Boston, Massachusetts 02111
617 542 6000
617 542 2241 fax
www.mintz.com

Joseph P. Messina

Direct dial 617 348 1631
jmessina@mintz.com

August 19, 2004

BY FAX

Jason W. Wolff, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

> Re:    Fred B. Dufresne v. Microsoft, et al.
>        Civil Action No.    02-11778-RCL

Dear Jason:

I write regarding certain discovery issues in the above-referenced case. We agree that all parties should move forward wrapping up the remaining depositions, but your argument is simply not credible that we must conclude all discovery by the end of September, or that the remaining discovery is delaying Microsoft's filing of its summary judgment motion. It is a matter of record that Plaintiff offered dozens of available dates for its witnesses in May and June, which Microsoft refused to accept. Microsoft _itself_ moved to stay all remaining discovery on the grounds that all such discovery would be unnecessary in light of Microsoft's motion for summary judgment which Microsoft boasted it was ready to file "shortly" back in June. Moreover, your suggestion that you are "still waiting" for deposition dates is ludicrous. Again, it is a matter of record that Microsoft has already refused to accept multiple dates for the depositions of Plaintiff's witnesses. Now that Microsoft has expressed renewed interest in proceeding with depositions, we will provide available dates to you.

1.    Depositions

As to Plaintiff's witnesses, I will provide you shortly September deposition dates for Messrs. Donohue and Yurkowich. I plan to provide you with the remaining witnesses' available dates by the end of next week. For your information, Mr. Klausner is out of the country until the end of the month. Thereafter, he will be testifying in the Arendi trial in early September. He is then committed to testify at another trial commencing September 27, 2004. Accordingly, at this point, Mr. Klausner will not be available for deposition until mid or late October 2004. With

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Jason W. Wolff, Esq.
August 19, 2004
Page 2

regard to Mr. Gemini, he also will be testifying at the Arendi trial. Because of this, he will have to be deposed in September, after the conclusion of the Arendi trial.

      With respect to the depositions of Microsoft's witnesses, we would like to arrange for deposition of Microsoft's designees on topics 1, 2, and 3 of Plaintiff's Rule 30(b)(6) Notice to Microsoft relating to the function and design of the accused products. Ideally, we would be available to take up to three such depositions during the week of August 30th or the week of September 6th. Please let me know at your earliest convenience whether Microsoft can make such witnesses available on these topics during the proposed time frame. I will write again shortly seeking to schedule witnesses on additional Rule 30(b)(6) topics for other dates in September and October.

    2.    <u>Microsoft's Interrogatory Answers</u>

      As to Microsoft's other discovery responses, I note that interrogatory no. 11 of Plaintiff's second set of interrogatories asks Microsoft to detail, among other things, the basis of its invalidity defense and, specifically, seeks the identity of any witness Microsoft intends to rely upon in support of its invalidity case. Defendant's serially supplemented answer to this interrogatory lists only: Roy T. Fielding, J.J. Allaire, Jeremy Allaire, Anker Berg-Sonne and refers to unspecified "others." In addition to the vague reference to others, other discovery responses refer to a number of potential prior art or invalidity witnesses without indicating whether Microsoft actually intends to rely on their testimony at trial. Interrogatory 11 asks a straightforward question to which Plaintiff is entitled to a full and complete response. In addition, interrogatory 9 asks for the identity of all trial witnesses. Any witness Microsoft proposes to call in support of its invalidity case (or for any reason) must be identified in response to that interrogatory in addition to interrogatory no. 11. Please let me know as soon as possible whether Microsoft will agree to supplement its answers to interrogatory nos. 9 and 11 and identify the witnesses Microsoft intends to call at trial to meet its burden of proof on invalidity.

    3.    <u>Plaintiff's Response to Requests for Admissions</u>

      As I have explained, Microsoft's voluminous Requests for Admission generally do not seek admissions of facts, but rather seeks admission of a broad legal conclusion and admissions as to misleading and conclusory arguments. If you would like to point to any <u>fact</u> that you believe Plaintiff should not reasonably dispute, and should simply admit or deny, please point to the specific request for admission seeking that admission of fact and we will consider whether a supplemental or amended response is in order. Otherwise, Plaintiff stands by his answers and objections.

    4.    <u>Plaintiff's Privilege Log</u>

      At the end of May, Plaintiff supplemented his privilege log and provided the remaining patent prosecution documents within his possession, custody or control at the time. After an

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Jason W. Wolff, Esq.
August 19, 2004
Page 3

additional search, we located a small number of additional documents, which will be produced promptly. Since I do not believe that we will be withholding any additional documents on the basis of privilege, however, the privilege log should be complete. If any additional documents are withheld on the grounds of privilege, Plaintiff's log will be supplemented.

5.    Plaintiff's Supplemental Interrogatory Answers

Plaintiff will provide the requested supplementation of interrogatory answers by August 27, 2004.

6.    "Marovac" Document

We have searched for, but could not find, the "Marovac" document. It might be helpful if you would point us to any document or testimony that might reference the specific document you seek so that we can better understand the basis for your request.

7.    Crosby Deposition

As I have told you previously, we will agree to no more than ten additional interrogatories directed to the Plaintiff regarding the subject of the very short conference Mr. Crosby had with Microsoft's lawyer. That should be more than sufficient to fully cover this topic. We will not agree in advance to any follow-up discovery, but will certainly consider any request later. If this compromise is acceptable, fine. If not, we will raise the issue with the discovery master.

I believe this covers the present issues. If there are additional issues to be addressed, please let me know.

Sincerely,

Joseph P. Messina

LIT 1474500v1

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FRED B. DUFRESNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 02-11778 RCL |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| ADOBE SYSTEMS INC. and | ) | |
| MACROMEDIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S RESPONSES TO MICROSOFT CORPORATION'S
## SECOND SET OF REQUESTS FOR ADMISSION (NOS. 10–90)

Plaintiff, Fred B. DuFresne ("Mr. DuFresne" or "Plaintiff"), responds to defendant, Microsoft Corporation's ("Microsoft"), Second Set of Requests For Admission (Nos. 10–90) ("Requests for Admission" or "RFA") as follows:

Mr. DuFresne's responses to Microsoft's Requests for Admission are based on present knowledge and belief.  In all cases, Mr. DuFresne reserves the right to modify and/or supplement his responses to conform to the results of his continuing investigations.  Mr. DuFresne generally objects to each and every one of the Requests for Admission on the grounds set forth in the twenty (20) enumerated objections below.

## GENERAL OBJECTIONS

1.      Mr. DuFresne objects to the Requests for Admission to the extent that they are vague, overly broad, unduly burdensome, not limited in time or scope and to the extent that they seek information and/or admissions on subject matter that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.      Mr. DuFresne objects to the Requests for Admission to the extent that they seek the disclosure of information protected by the attorney-client privilege and/or the attorney work-product doctrine.

3.      Mr. DuFresne objects to the Requests for Admission to the extent that they seek to impose obligations other than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court and applicable case law.

4.      Mr. DuFresne objects to the Requests for Admission to the extent that they seek the identification and/or disclosure of confidential, trade secret and/or proprietary information, documents and/or things.

5.      Mr. DuFresne objects to the Requests for Admission to the extent that they are not directed at obtaining a concession regarding facts known to the parties.

6.      Mr. DuFresne objects to the Requests for Admission to the extent that the requests are repetitive, overlapping and/or duplicative of other Requests for Admission.

7.      Mr. DuFresne objects to the Requests for Admission to the extent that they require him to draw legal conclusions, interpret legal terms, concepts and/or principles, and/or to interpret statutory law and/or case law in order to provide a response.  See Fed. R. Civ. P. 36; Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 130 F.R.D. 92, 96 (N.D. Ind. 1990) (improper to seek legal conclusions through Rule 36); Williams v. Krieger, 61 F.R.D.

2

142, 144 (S.D.N.Y. 1973) (requests for admissions of law are improper).  To force Mr. DuFresne to "admit such improper material would only frustrate the purposes for which Rule 36 was drafted." Williams, 61 F.R.D. at 96.

8.      Mr. DuFresne objects to the Requests for Admission to the extent they seek to obtain admissions on the ultimate legal conclusions of the case, as opposed to fact and/or application of law to fact.  See Naxon Telesign Corp. v. GTE Info. Sys., Inc., 212 U.S.P.Q. 919, 920 (N.D. Ill. 1980) (objections to requests for admissions sustained where requests sought to obtain admissions of the ultimate legal conclusion of the case instead of facts or law applied to facts); Minnesota Mining & Mfg. Co. v. Norton Corp., 36 F.R.D. 1, 3 (N.D. Ohio 1964) (no court would require a party to admit or deny a request where it calls for an opinion involving a legal conclusion upon a subject of critical issue in the lawsuit).

9.      Mr. DuFresne objects to the Requests for Admission to the extent they seek to obtain admissions on the content, characterization and/or nature of documents because documents speak for themselves and requests seeking to obtain admissions on documents are improper.  See Lakehead Pipe Line Co., Inc. v. Am. Home Ins. Co., 177 F.R.D. 454, 457-58 (D. Minn. 1997) (a document has both context, the writer's intent, and other subjective variables, which cannot be legitimately reduced to matters of fact, of mixed fact and law, or of opinion); Naxon Telesign Corp., 212 U.S.P.Q. at 920 (objection to requests for admission on grounds that the "document speaks for itself" sustained by court).

10.      Mr. DuFresne objects to the Requests for Admission to the extent that Microsoft, not Mr. DuFresne, possesses and/or controls information, documents and/or things responsive to the Requests for Admission.

3

11.     Mr. DuFresne objects to the Definitions and Instructions in Microsoft's Requests for Admission to the extent they are inconsistent with the appropriate Federal Rules of Civil Procedure and Local Rules of the Court.  Mr. DuFresne will rely on the Federal Rules of Civil Procedure, the Local Rules and governing case law with respect to the subject Definitions, Instructions, Requests and Responses.  Mr. DuFresne also objects to the Definitions and Instructions to the extent they are vague, overly broad and/or unduly burdensome, and to the extent that in conjunction with the individual Requests for Admission, they seek information, documents and/or things that are irrelevant, not likely to lead to the discovery of admissible evidence, confidential and/or privileged.

12.     Mr. DuFresne objects to the Requests for Admission on the basis that he does not possess all of the information, documentation and/or records that were kept by Knowledge Based Technologies and Webmate Technologies, Inc. in the ordinary course of their business activities. Knowledge Based Technologies ("KBT") became Webmate Technologies, Inc. ("Webmate") in the 1995–1996 time frame.  Mr. DuFresne was an employee of both KBT and Webmate during that time.  However, Mr. DuFresne's employment with Webmate ended in late 1996, and Mr. DuFresne left most, if not all, of his KBT and Webmate files at Webmate when his employment ended.  Shortly thereafter, on or about March of 1997, Webmate filed for bankruptcy protection. Mr. DuFresne is not aware what information, documentation and/or records of KBT and Webmate, if any, were transferred to Webmate's bankruptcy trustee, John O. Desmond, Esq. of Riemer and Braunstein LLP, 3 Center Plaza, Boston, Massachusetts, 02108, (617) 523-9000, on or about that time.  Mr. DuFresne purchased the '712 patent and related applications from Webmate's bankrupt estate on or about January 21, 1999, and to his knowledge, only the patent files relating thereto were transferred to Mr. DuFresne.  Furthermore, the defendants have served

4

numerous document subpoenas on the attorneys that were involved with prosecuting the patent-in-suit and with the bankrupt estate of Webmate. Accordingly, these requests are improper and objectionable to the extent that they require Mr. DuFresne to make admissions to matters that are beyond his knowledge or control.

13.     Mr. DuFresne objects to the Requests for Admission on the basis that he does not understand what all of the terms and/or information contained therein mean.

14.     Mr. DuFresne objects to the Requests for Admission on the basis that he does not understand the context in which the terms and/or information contained therein have been used and therefore cannot reasonably respond.

15.     Mr. DuFresne objects to the Requests for Admission on the basis that the terms and/or information contained therein is incomplete, inaccurate and/or not true.

16.     Mr. DuFresne objects to the Requests for Admission on the basis that his inquiry into Microsoft's Requests for Admission is limited to a review and inquiry of those persons and documents that are within his knowledge or control.  See T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y. 1997); Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 374-75 (S.D.N.Y. 1989).  Mr. DuFresne objects to the Requests for Admission on the basis that they will require him to consult with a third party, quite possibly an expert, in order to formulate a response.

17.     Unlike interrogatories and depositions, requests for admission are not a general discovery device, see Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986); Wigler v. Elec. Data Sys. Corp., 108 F.R.D. 204, 206 (D. Md. 1985); 7 James Wm. Moore et al., Moore's Federal Practice § 36.02, at 36-7 (3d ed. 2003), and are certainly not a mechanism to circumvent rules that limit the number of interrogatories a party may serve.  See Misco, 784 F.2d

at 206.  Accordingly, Mr. DuFresne objects to the Requests for Admission on the basis that they seek factual discovery that should be accomplished through other means.

18.     Mr. DuFresne did not invent, author or create any of the alleged prior art references cited in Microsoft's Requests for Admission.  Therefore, Mr. DuFresne objects to the Requests for Admission to the extent that they would require him to conduct expensive, time-consuming and burdensome discovery (fact and expert) relating to each reference.  Indeed, to the extent that Mr. DuFresne does not have sufficient knowledge of where these references came from, how they originated, when they were made, if they are accurate, if they have been altered, or what they substantively mean, Mr. DuFresne objects to the Requests for Admission because he is not required to accept any of these references at face value.  Nor will Mr. DuFresne stipulate to their authenticity, relevancy, materiality or competency.  See Russo v. Baxter Healthcare Corp., 51 F. Supp. 2d 70, 79 (D. R.I. 1999) (RFAs exist to narrow issues at trial where parties unambiguously agree).  See Fed. R. Civ. P. 36 advisory committee's note (reasonable inquiry limited to that which is known or *readily obtainable*) (emphasis added); Misco, 784 F.2d at 205.

19.     As the party challenging the validity of the '712 patent, Microsoft must establish the relevancy, authenticity, materiality and competency of each prior art reference it intends to rely on at trial.  See Fed. R. Evid. 901(a); United States v. Paulino, 13 F.3d 20, 23 (1st Cir. 1994) (documentary exhibits must be authentic and requirement of authentication or identification is a condition precedent to admissibility); A.K. Stamping Co. v. Instrument Specialties Co., 106 F.Supp.2d 627, 650 (D. N.J. 2000) (prior art failed to raise substantial question of invalidity where not presented in suitable form or with proper authentication); 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 901.02 (2d ed. 2003).  Accordingly, Mr.

6

DuFresne objects to the Requests for Admission on the basis that Microsoft is attempting to avoid its discovery obligations by improperly shifting this responsibility to Mr. DuFresne through these Requests for Admission, by forcing Mr. DuFresne to subpoena documents, take depositions and consult an expert just to provide Microsoft with a response to these Requests for Admission.

20.     Mr. DuFresne objects to the Requests for Admission on the basis that they do not narrow any of the issues for trial.

### INDIVIDUAL RESPONSES TO MICROSOFT'S SECOND SET OF REQUEST FOR ADMISSIONS (NOS. 10–90)

REQUEST FOR ADMISSION NO. 10:

Admit that the NCSA httpd versions 1.4 and earlier were publicly available prior to May 3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "available" and "NCSA httpd," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "available" and "NCSA httpd" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO.11:

Admit that the source code for NCSA httpd versions 1.4 and earlier were publicly available prior to May 3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "available" and "NCSA httpd," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "available" and "NCSA httpd" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 12:

Admit that the NCSA httpd version 1.4 included a feature referred to as a server-side include.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "feature," "server-side include" and "NCSA httpd," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "feature," "server-side include" and "NCSA httpd" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 13:

Admit that You were aware of the NCSA httpd prior to May 3, 1996.

8

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "NCSA httpd," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "NCSA httpd" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 14:

Admit that You were aware of server-side include functionality in Web servers prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware," "Web servers," "server-side include" and "functionality," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware," "Web servers," "server-side include" and "functionality" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 15:

Admit that the O'Reilly Website 1.1 server supported server-side include functionality prior to May 3, 1996.

9

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "functionality," and "server-side include," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "functionality," and "server-side include" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 16:

Admit that the Apache HTTP Server supported server-side include functionality prior to May 3, 1996.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "functionality," "server-side include," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "functionality," and "server-side include" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 17:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 3518-3525, was publicly available prior to May 3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 18:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 3518-3525, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "deploying," "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "deploying," "client-server applications," and "network," means in the

context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 19:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 3518-3525, discloses executable tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," or "executable tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 20:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 3518-3525, discloses the use of instructions within ZTAGs.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "instructions," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses,"

12

"instructions," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 21:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 35 18-3525, discloses the use of scripts within ZTAGs.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "scripts," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "scripts," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 22:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 35 18-3525, discloses the use of control loops within ZTAGs.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis

13

that Microsoft has not defined the terms "discloses," "control loops," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "control loops," and "ZTAGs," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 23:

Admit that Varela, Carlos et al., "Zelig: Schema-based Generation of Soft WWW Database Applications," produced at AD-MM-MSFT 3518-3525, discloses the use of ZTAGs to access data from a database.

## RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "database," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "database," and "ZTAGs," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 24:

Admit that Varela, Cabs et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-3517, was publicly available prior to May 3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 25:

Admit that Varela, Carlos et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-3517, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses,"  "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses,"  "client-server applications," and "network," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 26:

Admit that Vaela, Cabs et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-35 17, discloses executable tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "executable tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 27:

Admit that Varela, Carlos et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-35 17, discloses the use of instructions within ZTAGs.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "instructions," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "instructions," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

16

REQUEST FOR ADMISSION NO. 28:

Admit that Varela, Cabs et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-35 17, discloses the use of scripts within ZTAGs.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "scripts," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "scripts," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 29:

Admit that Varela, Cabs et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-35 17, discloses the use of control loops within ZTAGs.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "control loops," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "control loops," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION 30:

Admit that Varela, Cabs et al., "Providing Data on the Web: From Examples to Programs," produced at AD-MM-MSFT 3500-35 17, discloses the use of ZTAGs to access data from a database.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "database," and "ZTAGs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "database," and "ZTAGs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 31:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations in HTML," produced at AD-MM-MSFT 3492-3499, was publicly available prior to May3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to

admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION NO. 32:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations in HTML," produced at AD-MM-MSFT 3492-3499, discloses a method and system for deploying client-server applications on a network.

## RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses,"  "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses,"  "client-server applications," and "network," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION NO. 33:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations iii HTML," produced at AD-MM-MSFT 3492-3499, discloses a method and system for deploying client-Server applications on a network, discloses executable tags.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis

that Microsoft has not defined the terms "discloses," "client-server applications," "network," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "client-server applications," "network," and "executable tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 34:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations in HTML," produced at AD-MM-MSFT 3492-3499, discloses a method and system for deploying client-server applications on a network, discloses the use of instructions within pre-processing instructions ("PPIs").

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "client-server applications," "network," "instructions," and "pre-processing instructions," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "client-server applications," "network," "instructions," and "pre-processing instructions," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 35:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations in HTML," produced at AD-MM-MSFT 3492-3499, discloses the use of scripts within PPIs.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "scripts," and "PPIs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "scripts," and "PPIs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 36:

Admit that Thrift, Philip, "Preprocessing instructions: Embedding external notations in HTML," produced at AD-MM-MSFT 3492-3499, discloses the use of control loops within PPIs.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "control loops," and "PPIs," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "control loops," and "PPIs," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 37:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, was publicly available prior to May 3, 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 38:

Admit that Belford, M., "WebDBC™. White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "client-server applications," and "network," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

22

REQUEST FOR ADMISSION NO. 39:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses executable tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "executable tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 40:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-163 5, discloses the use of instructions within tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "instructions," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "instructions," and "tags," means in the context of this request to admit. Based upon the

foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO.41:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of scripts within tags.

## RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "scripts," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "scripts," and "tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 42:

Admit that Belford, M., "WebDB™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of control loops within tags.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "control loops," and "tags," and also on the

basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "control loops," and "tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO.43:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of tags to access data from a database.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "database," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "database," and "tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO.44:

Admit that West, M., "SSI+," produced at AD-MM-MSFT 1345-1356, was publicly available prior to August 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does

not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 45:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1 635, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "deploying," "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "deploying," "client-server applications," and "network," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 46:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses executable tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis

that Microsoft has not defined the terms "discloses," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "executable tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 47:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of instructions within tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "instructions," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "instructions," and "tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 48:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of scripts within tags.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

27

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "scripts," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "scripts," and "tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION NO. 49:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of control loops within tags.

## RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "control loops," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "control loops," and "tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION NO. 50:

Admit that Belford, M., "WebDBC™ White Paper #1 A Quick Overview of the WebDBC 1.0 Architecture" produced at AD-MM-MSFT 1620-1635, discloses the use of tags to access data from a database.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "database," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "database," and "tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO.51:

Admit that Laurel, J., "db Web™ Database Connectivity for the World Wide Web," produced at MSFT 14302-14440, was publicly available no later than August 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 51:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 52:

Admit that Laurel, J., "db Web™ Database Connectivity for the World Wide Web," produced at MSFT 14302-14440, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 52:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "client-server applications," and "network," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 53:

Admit that Perrochon, L., "On the Integration of Legacy Information Systems into the World-Wide Web," produced at AD-MM-MSFT 1044-1052, was publicly available no later than September 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 53:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 54:

Admit that Perrochon, L., "On the Integration of Legacy Information Systems into the World-Wide Web," produced at AD-MM-MSFT 1044-1052, discloses a method and system for deploying client-server applications on a network.

RESPONSE TO REQUEST FOR ADMISSION NO. 54:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses,"  "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses,"  "client-server applications," and "network," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 55:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE/WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, is a copy of the paper publicly available no later than December 1995.

RESPONSE TO REQUEST FOR ADMISSION NO. 55:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "available" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "available" means in the context of this request to

admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 56:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE/WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, discloses a method and system for deploying client-server applications on a network.

## RESPONSE TO REQUEST FOR ADMISSION NO. 56:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "client-server applications," and "network," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "client-server applications," and "network," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 57:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE/WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, discloses executable tags.

## RESPONSE TO REQUEST FOR ADMISSION NO. 57:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "executable tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "executable tags," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 58:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, discloses the use of instructions.

RESPONSE TO REQUEST FOR ADMISSION NO. 58:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "instructions," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "instructions," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 59:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, discloses the use of scripts.

33

RESPONSE TO REQUEST FOR ADMISSION NO. 59:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "scripts," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "scripts," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 60:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA, December 1995, produced at AD-MM-MSFT 714-724, discloses the use of control loops.

RESPONSE TO REQUEST FOR ADMISSION NO. 60:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," and "control loops," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," and "control loops," means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 61:

Admit that Hunter, A. et al., "SWOOP: An application generator for ORACLE WWW systems," Proceedings of the 4th International World Wide Web Conference, Boston, MA,

December 1995, produced at AD-MM-MSFT 714-724, discloses the use of tags to access data from a database.

RESPONSE TO REQUEST FOR ADMISSION NO. 61:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "discloses," "database," and "tags," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "discloses," "database," and "tags," means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 62:

Admit that the accused Microsoft ASP versions are programs external to a Web server.

RESPONSE TO REQUEST FOR ADMISSION NO. 62:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "programs," and "external," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "programs," and "external," means in the context of this request to admit.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not properly defined the term "Web server, " and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "Web server" means in the context of this request to admit.  Indeed, Microsoft's definition of the term "Web server" is incomplete, inaccurate and/or misleading.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has

35

not provided all of the pertinent source code to Mr. DuFresne.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 63:

Admit that in the accused Microsoft ASP products, an ASP file is transformed into a new file when it is processed.

RESPONSE TO REQUEST FOR ADMISSION NO. 63:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "ASP file," "transformed," and "processed," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "ASP file," "transformed," and "processed," means in the context of this request to admit.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 64:

Admit that in the accused Microsoft ASP products, the ASP file itself is parsed to create a new file.

RESPONSE TO REQUEST FOR ADMISSION NO. 64:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis

that Microsoft has not defined the terms "ASP file," "parsed," and "create" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "ASP file," "parsed," and "create" means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR A MISSION NO. 65:

Admit that in the accused Microsoft ASP products, the ASP file itself is not executed.

## RESPONSE TO REQUEST FOR ADMISSION NO. 65:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "ASP file," and "executed," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "ASP file," and "executed," means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 66:

Admit that if the accused Microsoft ASP technology is not found to infringe the asserted claims of the '712 patent, there would be no infringement of the '712 patent by the other Microsoft products.

RESPONSE TO REQUEST FOR ADMISSION NO. 66:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "Microsoft ASP technology" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "Microsoft ASP technology" means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne. Mr. DuFresne also objects to this request to admit to the extent that it merely posits a hypothetical question. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 67:

Admit that the accused Microsoft IS technology, without ASP technology, does not infringe of the asserted claims of the '712 patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 67:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "Microsoft IIS technology," and "ASP technology," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "Microsoft

IIS technology" and "ASP technology," means in the context of this request to admit.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne.  Mr. DuFresne also objects to this request to admit to the extent that it merely posits a hypothetical question.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 68:

Admit that the accused Microsoft FrontPage technology, without ASP technology, does not infringe of the asserted claims of the '712 patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 68:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "Microsoft FrontPage technology," and "ASP technology," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "Microsoft FrontPage technology" and "ASP technology," means in the context of this request to admit.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 69:

Admit that the accused Microsoft Visual Studio technology, without ASP technology, does not infringe of the asserted claims of the '712 patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 69:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "Microsoft Visual Studio technology," and "ASP technology," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "Microsoft Visual Studio technology" and "ASP technology," means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 70:

Admit that the accused Microsoft Windows operating system technology, without ASP technology, does not infringe of the asserted claims of the '712 patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 70:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "Microsoft Windows operating system technology," and "ASP technology," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "Microsoft Windows operating system technology" and "ASP technology," means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the

40

basis that Microsoft has not provided samples for all versions of the accused products and has not provided all of the pertinent source code to Mr. DuFresne. Mr. DuFresne also objects to this request to admit to the extent that it merely posits a hypothetical question. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO.71:

Admit that You were aware of the NCSA httpd version 1.4 product prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 71:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "NCSA httpd," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "NCSA httpd" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 72:

Admit that You were aware of Rasmus Lerdorffs Personal Home Page ("PHP") product prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 72:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "Rasmus Lerdorffs Personal Home Page,"

41

and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "Rasmus Lerdorffs Personal Home Page" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 73:

Admit that You were aware of the Vermeer Technologies, Inc., FrontPage product prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 73:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "FrontPage product," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "FrontPage product" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 74:

Admit that You were aware of Microsoft Corporation IIS prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 74:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "Microsoft Corporation IIS," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and

"Microsoft Corporation IIS" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 75:

Admit that You were aware of the Microsoft Corporation FrontPage product prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 75:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "Microsoft Corporation FrontPage," and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "Microsoft Corporation FrontPage" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 76:

Admit that You were aware of the Microsoft Corporation Visual Basic product prior to May 3, 1996.

RESPONSE TO REQUEST FOR ADMISSION NO. 76:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "aware" and "Microsoft Corporation Visual Basic," and

also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "aware" and "Microsoft Corporation Visual Basic" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

## REQUEST FOR ADMISSION NO. 77:

Admit that the '712 patent has not been licensed to any other Person or Entity other than those identified in the Expert Reports of Joseph Gemini.

## RESPONSE TO REQUEST FOR ADMISSION NO. 77:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "licensed" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "licensed" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne admits this request to admit.

## REQUEST FOR ADMISSION NO. 78:

Admit that the '712 patent is licensed to Priceline.com Incorporated for $12,500.

## RESPONSE TO REQUEST FOR ADMISSION NO. 78:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "licensed" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "licensed" means in the context of this request to

admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 79:

Admit that I000001-I000013 accurately reflects the license concerning the '712 patent entered into with Priceline.com Incorporated.

RESPONSE TO REQUEST FOR ADMISSION NO. 79:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the term "license" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "license" means in the context of this request to admit. Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not create or produce the documents with the following Bates-numbers: I000001-I000013. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 80:

Admit that the Autoweb embodiment identified in Plaintiffs Answers to Microsoft Corporation's First Set of Interrogatories, Interrogatory No.3, is an embodiment of the claims in European patent application serial no. 03077287.5, filed by Fred B. DuFresne.

RESPONSE TO REQUEST FOR ADMISSION NO. 80:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis

45

that Microsoft has not defined the term "embodiment" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the term "embodiment" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO.81:

Admit that the WebMaster Service Agreement produced at WCVB 000002-000005 is a true and accurate copy of the WebMaster Service Agreement for services performed by KBT.

RESPONSE TO REQUEST FOR ADMISSION NO. 81:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not create or produce the documents with the following Bates-numbers: WCVB 000002 – 000005.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 82:

Admit that the WebMaster Service Agreement Attachment A produced at WCVB 000007-000013 is a true and accurate copy of Attachment A to the WebMaster Service Agreement entered into between KBT and the Customer identified at WCVB 000002.

RESPONSE TO REQUEST FOR ADMISSION NO. 82:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not create or produce the documents with the following Bates-numbers:

WCVB 000002, WCVB 000007 – 000013.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 83:

Admit that the Autoweb technology identified in your answer to Microsoft's First Set of Interrogatories, Interrogatory No. 3, existed prior to Your execution of WebMaster Service Agreement produced at WCVB 000002-000005.

RESPONSE TO REQUEST FOR ADMISSION NO. 83:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not create or produce the documents with the following Bates-numbers: WCVB 000002 – 000005.   Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION NO. 84:

Admit that the Autoweb technology identified in your answer to Microsoft's First Set of Interrogatories, Interrogatory No. 3, was used to perform the WebMaster Service Agreement produced at WCVB 000002-000005.

RESPONSE TO REQUEST FOR ADMISSION NO. 84:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not create or produce the documents with the following Bates-numbers:

WCVB 000002 – 000005.   Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION 85:

Admit that Plaintiff has located no documents to support the alleged dates of conception identified in Plaintiff's Answers to Microsoft Corporation's First Set of Interrogatories, Interrogatory No. 3.

RESPONSE TO REQUEST FOR ADMISSION NO. 85:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "located" and "support"  and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "located" and "support" means in the context of this request to admit.   Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


REQUEST FOR ADMISSION 86:

Admit that Plaintiff has located no documents to support the alleged dates of reduction to practice identified in Plaintiff's Answers to Microsoft Corporation's First Set of Interrogatories, Interrogatory No. 3.

RESPONSE TO REQUEST FOR ADMISSION NO. 86:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms"located" and "support" and also on the basis that Mr.

DuFresne does not know what Microsoft's use of the terms "located" and "support" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION 87:

Admit that Plaintiff has located no witnesses that are able to corroborate the alleged dates of conception identified in Plaintiff's Answers to Microsoft Corporation's First Set of Interrogatories, Interrogatory No. 3.

## RESPONSE TO REQUEST FOR ADMISSION NO. 87:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis that Microsoft has not defined the terms "located" and "corroborate" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "located" and "corroborate" means in the context of this request to admit.  Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.


## REQUEST FOR ADMISSION 88:

Admit that Plaintiff has located no witnesses that are able to corroborate the alleged dates of reduction to practice identified in Plaintiff's Answers to Microsoft Corporation's First Set of Interrogatories, Interrogatory No. 3.

## RESPONSE TO REQUEST FOR ADMISSION NO. 88:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above.  Mr. DuFresne also objects to this request to admit on the basis

that Microsoft has not defined the terms "located" and "corroborate" and also on the basis that Mr. DuFresne does not know what Microsoft's use of the terms "located" and "corroborate" means in the context of this request to admit. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION 89:

Admit that the Documents and Things produced at RB 005472-5475 (copy attached) are a true and accurate copy of the WebMate Foundation version 1.0 software.

RESPONSE TO REQUEST FOR ADMISSION NO. 89:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Mr. DuFresne also objects to this request to admit on the basis that Mr. DuFresne did not produce the documents with the following Bates-numbers: RB 005472-5475. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne denies this request to admit.

REQUEST FOR ADMISSION NO. 90:

Admit that You have produced a true and accurate copy of the WebMate Foundation version 1.0 software.

RESPONSE TO REQUEST FOR ADMISSION NO. 90:

Mr. DuFresne restates and incorporates herein each of the twenty (20) General Objections set forth herein above. Based upon the foregoing objections, and upon the General Objections, Mr. DuFresne admits only that it produced the only copy it has of the WebMate Foundation version 1.0 software.

50

FRED B. DUFRESNE

Dated: March **26**, 2004

By: _Paul J C / I.M._
Paul J. Hayes, Esq. (BBO # 227,000)
David Crosby, Esq. (BBO # 634,640)
Paul J. Cronin, Esq. (BBO # 641,230)
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

Attorneys for Plaintiff

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing was served on Kurt L. Glitzenstein, Esq. of Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110, counsel for defendants Microsoft Corporation, Adobe Systems Inc. and Macromedia Corporation by hand delivery on March **26** 2004.

_Paul J C / I.M._
Paul J. Cronin

LIT 1444205v2

51