IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 FEB 11 A 11: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

---------------------------------------------------------------x
:
FRED B. DUFRESNE, :
:
Plaintiff, :
:
v. : C.A. No: 02-11778-RCL
:
MICROSOFT CORPORATION, :
ADOBE SYSTEMS, INCORPORATED, :
AND MACROMEDIA, INCORPORATED :
:
Defendants. :
:
---------------------------------------------------------------x

## ORDER OF DISCOVERY MASTER REGARDING DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION

Defendants Microsoft Corporation, Adobe Systems, Inc., and Macromedia, Inc. (collectively "Defendants") move to compel Plaintiff Fred B. DuFresne to amend his responses to Defendants' Requests for Admission in compliance with Rule 36 of the Federal Rules of Civil Procedure.

The issue before the Discovery Master is to determine the adequacy of Plaintiff's Responses to Defendants' Requests for Admission. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the party who has requested the admissions may move to determine the sufficiency of the answers or objections. If the court determines that an answer does not comply with the requirements of this rule, it may order . . . that an amended answer be served. F.R.C.P. 36.

On January 28, 2004, Defendants served 143 Requests for Admission. Plaintiff responded to the Requests on March 26, 2004. For the majority of Requests, Plaintiff

responded by following precisely the same formula: 1) incorporating each and every one of the 20 general objections; 2) objecting to use the "terms" that Plaintiff allegedly does not understand; and 3) denying the request based on the foregoing objections. (Defendants' Letter Brief of 12/13/04). Defendants argue that Plaintiff provided insufficient responses and failed to substantively answer Defendants' Requests. In addition, Defendants' complain that it is impossible to tell from the responses whether Plaintiff is denying the Requests, or whether he objects to providing a response. Defendants move to compel Plaintiff to supplement his responses in compliance with Rule 36. (Defendants' Letter Brief of 1/12/05).

In response to the Defendants' motion, Plaintiff objects to the Requests as being outside the scope of Rule 36. Plaintiff argues that he cannot respond to Defendants' Requests without first conducting additional, expensive and time consuming fact and expert discovery. Moreover, Plaintiff contends that Defendants' Requests refer to vague, ambiguous and/or undefined technical and legal terms, making it impossible for Plaintiff to provide a response. (Plaintiff's Letter Brief of 1/4/05).

The purpose of Rule 36(a) is to narrow the issues for trial which are genuinely contested. <u>Greene v. DuPont Dow Elastomers</u>, 2002 U.S. Dist. LEXIS 25709, at *8 (E.D. Pa. February 20, 2002). Rule 36 of the Federal Rules of Civil Procedure states that:

> If an objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

F.R.C.P. 36

Rule 36 requires Plaintiff to answer requests for admission. In answering requests, Plaintiff is permitted to respond with objections. However, Plaintiff must still answer the requests based on his understanding of the facts. Greene v. DuPont Dow Elastomers, 2002 U.S. Dist. LEXIS 25709, at *6-8 (E.D. Pa. February 20, 2002). Objections do not shield or relieve a party from answering the requested admission, although objections can be used in addition to answering a request. F.R.C.P. 36; Greene v. DuPont Dow Elastomers, 2002 U.S. Dist. LEXIS 25709, at *6-8 (citing First Options of Chicago, Inc. v. Wallenstein, 1996 U.S. Dist. LEXIS 18774, at *3 (E.D. Pa. Dec. 17, 1996). Good faith requires that a party qualify its answer in order to provide accurate responses and to avoid ambiguity. Greene v. DuPont Dow Elastomers, 2002 U.S. Dist. LEXIS 25709, at *6.

Plaintiff failed to comply with the requirements of Rule 36 by not substantively answering each request based on his understanding of the facts. For the majority of requests, Plaintiff objected to each request and then denied each request based on the foregoing objections. In addition to objections, Plaintiff may deny each of the requests to admit, but Plaintiff is still required to answer "to the extent that the requests can be understood and subject to plaintiff's objections." Greene v. DuPont Dow Elastomers, 2002 U.S. Dist. LEXIS 25709, at *6-8. Defendants are entitled to accurate responses that fairly meet the substance of the requested admission and avoid ambiguity. Therefore, Discovery Master orders Plaintiff to amend his responses and provide accurate answers to Defendants' Requests based on Plaintiff's understanding of the requests.

Defendants' Motion to Compel Responses to Requests for Admission is granted. The Discovery Master orders Plaintiff to amend his responses to Defendants' Requests and answer the requests in good faith based upon Plaintiff's understanding.

**SO ORDERED.**

Dated: February 10, 2005

_____
John F. Sweeney, Discovery Master